IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIDELITY AND DEPOSIT COMPANY )
OF MARYLAND, a Maryland )
corporation, )
                                               Plaintiff, )
)
vs. )   No.  05 C 7011
)
EHLERS CONSTRUCTION, INC., a )
Wisconsin corporation, and SUSAN C. )
EHLERS, individually and in her )
capacity as Executor of the Estate of )
Terry G. Ehlers, Deceased, )
)
                                              Defendants. )

## MEMORANDUM OPINION AND ORDER

Terry Ehlers was the principal of Ehlers Construction, Inc. Defendant Susan C. Ehlers was his wife. Terry executed an indemnity agreement on behalf of his corporation and in favor of the plaintiff as Surety. Susan co-signed. Terry's company was involved in two construction projects, the amount for the two exceeding $13,000,000. Eventually it was unable to pay all of the costs, and the surety had to step in to cover in excess of $500,000. It then brought this action on the indemnity clauses in its policies.

In the meantime, tragedy struck. Terry was diagnosed with pancreatic cancer and died shortly thereafter. According to Susan, she co-signed because her husband's illness led her to do whatever she could to relieve any stress he might have. She was, she says, overborne by events and should not have to be responsible for debts that are not really hers. Plaintiff contends that she has not responded to its summary judgment motion in the appropriate manner; we have only Susan's representations, but no affidavit, but we take her at her word.

Even so, plaintiff is entitled to prevail. It is not uncommon for spouses to co-sign indemnity agreements, be a joint taxpayer, or otherwise be an accommodation endorser in circumstances where they have no direct interest in or knowledge of the matters leading to their possible liability. And it is also legal for the accommodated party to recover if the liability ripens, even though, as here, recovery is particularly painful because it arises from a relationship that has been unfortunately terminated by an unexpected death. It is a burden from the past that complicates the effort to move on.

Susan does not deny that she co-signed. Nor does she claim that plaintiff applied any improper pressures on her. Presumably the dealings about the indemnity agreements were between plaintiff and Terry. She does not dispute that plaintiff had to make the payments it asserts. In those circumstances she is liable. Accordingly, we enter default judgment against Ehlers Construction, Inc., and summary judgment against Susan C. Ehlers, individually and as executor, in the amount of $584,048.32, plus plaintiff's costs and attorney's fees in bringing this action.

                                                  JAMES B. MORAN
                                      Senior Judge, U. S. District Court

Sept. 18, 2008.